IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02106-NRN

JUAN GILBERTO GONZALEZ POL,

      Petitioner,

v.

WARDEN OF DENVER CONTRACT DETENTION FACILITY,
ROBERT GUADIAN, in his official capacity as Denver Field Office Director, Immigration and Customs Enforcement and Removal Operations,
MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security,
TODD M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement,
TODD BLANCHE, in his official capacity as Acting Attorney General, and
THE EXECUTIVE OFFICER FOR IMMIGRATION REVIEW,

      Respondents.

---

**ORDER**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

      This case is before the Court on Juan Gilberto Gonzalez Pol's ("Petitioner") Petition for Writ of Habeas Corpus (the "Petition"). ECF No. 1. Petitioner is a detainee at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at 1. He contends that the Respondents are improperly subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2). Instead, he says, 8 U.S.C. § 1226(a) governs his detention. Because this is a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court **GRANTS** the Petition.

**BACKGROUND AND ANALYSIS**

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States and denied bond hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g.*, *Rivera v. Valdez*, No. 26-cv-01765-NRN, 2026 WL 1224072 (D. Colo. May 5, 2026); *Martinez v. Baltazar,* No. 26-cv-01313-NRN, 2026 WL 925537 (D. Colo. Apr. 6, 2026); *Olivas v. Baltazar*, No. 26-cv-00777-NRN, 2026 WL 672897 (D. Colo. Mar. 10, 2026), *Vasquez Gomez v. Bondi*, No. 26-cv-00489-NRN, 2026 WL 482677 (D. Colo. Feb. 20, 2026); *Diaz Marquez v. Baltasar*, No. 26-cv-00293-CYC, 2026 WL 370864 (D. Colo. Feb. 10, 2026); *Abarca v. Baltazar*, No. 25-cv-04086-CYC, 2026 WL 309198 (D. Colo. Feb. 5, 2026); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-2 PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025).

Petitioner has resided in the United States since 2015. ECF No. 1 at 8. On or about May 7, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") pursuant to a traffic stop. *Id.* He has remained in custody without a bond hearing since. *Id.* Petitioner has a three-year old child who is a United States Citizen. *Id.* Petitioner has no criminal history. *Id.*

Petitioner argues that his detention violates his due process rights and the Immigration and Nationality Act ("INA"). He asks that he either be released from custody or granted a bond hearing within seven days. *Id.* at 12.

Respondents have submitted an abbreviated response. *See* ECF No. 13. Respondents

> maintain that Petitioner's detention is lawful and do not concede that it is unlawful. But for purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an order directing a bond hearing under 8 U.S.C. § 1226(a) before an immigration judge within a reasonable time.

*Id.* at 1–2.

The Tenth Circuit recently held that ICE may not detain those who have long lived inside the United States as arriving aliens pursuant to 8 U.S.C. § 1225(b)(2)(A). *See Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *17 (10th Cir. June 30, 2026). The Tenth Circuit reasoned that mandatory detention provisions at 8 USC § 1225(b)(2)(A) apply at the border and the detention provisions permitting bond at 8 USC § 1226(a) apply to those detained while residing in the United States. The *Quiroz* decision is in accord with the orders issued by this Court and almost every other judge in this District over the past year. *See Vasquez Gomez*, 2026 WL 482677, at *2; *Jimenez Facio*, 2025 WL 3559128, at *2 (recognizing that "every decision in this District addressing the issue" has determined that § 1225(b)(2)(A) does not apply to persons, like Petitioner, who have already been residing in the United States for years). Accordingly, the Court finds that Petitioner has met his burden showing that his continued detention without a bond hearing is unlawful.

3

**CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that the Petition, ECF No. 1, is **GRANTED** as follows.

1)  Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days of this Order. At the bond hearing, Respondents bear the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified due to dangerousness or flight risk. *See Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026) ("[T]the weight of authority in this District is clear: it is the Government's burden to 'justify[ ] a noncitizen's continued detention at a bond hearing.'" (quoting *Arauz v. Baltazar*, No. 25-cv-03260-CNS, 2025 WL 3041840, at *4 n.3 (D. Colo. Oct. 31, 2025)); *Espinoza Ruiz v. Baltazar*, No. 25-cv-03642-CNS, 2025 WL 3294762, at *2 (D. Colo. Nov. 26, 2025) (ordering that the Government would carry the burden for bond hearing under § 1226(a)). **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention. *See Quiroz*, 2026 WL 1876709, at *17 n.13 (government ordered to provide detainee with a bond hearing or release him within seven days)**;

2)  Respondents are **ENJOINED** from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A); and

3)  Respondents shall file a status report within three days of Petitioner's bond hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial.

Dated: July 7, 2026

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge